IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. ) Case No. 14-CR-0004-JHP
)
TOMAS CAMARGO-CHAVEZ, )
)
    Defendant. )

## ORDER

On March 13, 2014, the United States Magistrate Judge entered a Report and Recommendation in regard to Defendant's Motion to Suppress Evidence (Doc. No. 18) and Motion to Suppress Statements (Doc. No. 19). (Doc. No. 26.) The Magistrate Judge recommended that Defendant's motions be denied. (*Id.*) In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Magistrate Judge advised the parties of their right to file specific written objections to the Report and Recommendation within 14 days of being served with a copy thereof and that the failure to do so could result in the waiver of appellate review of any factual or legal questions. On March 27, 2014, Defendant filed his Objection to the Report and Recommendation. (Doc. No. 30.)

The Court has carefully reviewed the parties' submissions, the record, and the Report and Recommendation of the Magistrate Judge. As a threshold matter, the Court adopts the factual findings of the Magistrate Judge as outlined in the Report and Recommendation. (Doc. No. 26, 1-6.) With regard to Defendant's Motion to Suppress Statements (Doc. No. 19), the Court finds that the Order of the Magistrate Judge is well reasoned and supported by the record. Accordingly, the Court finds and orders that the Report and Recommendation be affirmed and

adopted as to Defendant's Motion to Suppress Statements. Therefore, Defendant's Motion to Suppress Statements is **DENIED**.

With regard to Defendant's Motion to Suppress Evidence (Doc. No. 18), the Court declines to adopt the findings and recommendations of the Magistrate Judge. The Court concurs with the Magistrate Judge's conclusion that the investigatory detention of Defendant by immigration agents on September 26, 2013, was supported by reasonable suspicion. (Doc. No. 26, 6-8.) However, the Court finds that law enforcement officers exceeded the scope of Defendant's consent to search his vehicle by opening the case of beer and the bottles contained therein. *See United States v. Osage*, 235 F.3d 518 (10th Cir. 2000). Consequently, the evidence found in the cans, as well as the evidence discovered pursuant to the search of Defendant's hotel room, must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 485 (1963) (holding that evidence discovered as a direct result of unlawful activity may be suppressed as fruit of the poisonous tree).

In *United States v. Osage*, a case where law enforcement officers opened a can of tamales during a consent search of the defendant's luggage, the Tenth Circuit Court of Appeals held that "before an officer may actually destroy or render completely useless a container which would otherwise be within the scope of a permissive search, the officer must obtain explicit authorization, or have some other, lawful, basis upon which to proceed." 235 F.3d at 522. While *Osage* is not precisely on-point, its rationale is instructive with regard to the practical limits of a search authorized by consent. Therefore, the Court finds the relevant inquiry to be whether the case of beer or the bottles contained therein were destroyed or rendered completely useless for their intended purpose.[1]

---

[1] In her Report and Recommendation, the Magistrate Judge noted that law enforcement officers had reasonable

(continued…)

2

The evidence demonstrates that law enforcement officers gained entry to the case of beer by tearing an opening in the top, thereby compromising the integrity and usefulness of the container. (*See* Doc. No. 30, Ex. 1.) To be sure "general permission to search does not include permission to inflict intentional damage to the places or things to be searched." *Osage*, 235 F.3d at 520 (citing *United States v. Torres*, 32 F.3d 225, 231-32 (7th Cir. 1994) (quoting *United States v. Martinez*, 949 F.2d 1117, 1119 (11th Cir. 1992)). Here, there is no doubt that law enforcement officers inflicted intentional damage to the sealed case of beer in an effort to examine its contents. Furthermore, the "handle" on top of the case of beer, which is cut out of the top of the box and designed to allow the purchaser to carry the box with one hand, was completely destroyed. By analogy, the Court finds this similar to law enforcement officers removing the handgrip, or handle, of a piece of luggage in order to gain access to the contents contained therein. *See id.* at 521 ("We conclude that the opening of a sealed can, thereby rendering it useless and incapable of performing its designated function, is more like breaking open a locked briefcase than opening the folds of a paper bag."). Accordingly, the Court finds the search of the case of beer and the bottles contained therein outside the scope of Defendant's consent to search the vehicle. Therefore, Defendant's Motion to Suppress Evidence is **GRANTED**.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Doc. No. 26) is **ADOPTED in part and DECLINED in part**. Accordingly, Defendant's Motions to Suppress Statements (Doc. No. 19) is **DENIED** and Defendant's Motion to Suppress Evidence (Doc. No. 18) is **GRANTED**.

---

[1](...continued)
suspicion that the case of beer and the bottles contained therein contained contraband. (Doc. No. 26, 10-11.) While the existence of reasonable suspicion would have permitted law enforcement officers to "briefly detain the [case of beer] for further investigation," the actions taken by the officers with regard to the search of the case of beer in this action, if not within the scope of the consent, may only be justified by probable cause. *Osage*, 235 F.3d at 520, n. 1. As such, the existence of reasonable suspicion is irrelevant to whether the search of case of beer and bottles contained therein was conducted in violation of Defendant's Fourth Amendment rights.

**IT IS SO ORDERED** this 2nd day of April, 2014.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma